UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC CARLISLE MARTINSON,

                Petitioner,

    -v-

UNITED STATES PAROLE COMMISSION,

                Respondent.

Case No. 02-CV-4913 (KMK)

OPINION AND ORDER

Appearances:

Eric Carlisle Martinson
Philadelphia, PA
Pro Se *Petitioner*

Judd C. Lawler, Esq.
Assistant United States Attorney
U.S. Attorney's Office, S.D.N.Y.
New York, N.Y.
*Counsel for Respondent*

KENNETH M. KARAS, District Judge:

This is a federal habeas corpus case brought under 28 U.S.C. § 2241 in which Petitioner challenges a decision of the U.S. Parole Commission denying him parole. The case was referred to Magistrate Judge Debra Freeman for review, and, on August 5, 2004, she issued a Report and Recommendation recommending that the Petition be dismissed in its entirety as moot because Petitioner had been released from prison while the case was pending, or, in the alternative, that the Petition be dismissed on its merits.[1] (Report and Recommendation, dated Aug. 5, 2004 ("Report and Recommendation"), at 1, 7) Magistrate Judge Freeman also recommends that

---

[1]This case was randomly reassigned for all purposes from Judge Denise L. Cote to the undersigned on September 7, 2004.

Petitioner's motion to amend the Petition be denied. (Report and Recommendation, at 1)

Petitioner filed objections to the Report and Recommendation. (Petitioner's Objections to Magistrate's Findings, dated Oct. 11, 2004 ("Objections")) The Government did not respond to the Objections. For the reasons that follow, and after having reviewed the record and the applicable law, the Court adopts the Report and Recommendation, except as noted below, and orders that the Petition be dismissed.

## I. Background

### A. Facts

Petitioner has been convicted twice in federal court for numerous felonies, including narcotics trafficking, money laundering, and firearms possession. He was first sentenced in 1993 following his guilty plea to a multi-count indictment returned by a grand jury in the Eastern District of Pennsylvania. (Declaration of Douglas W. Thiessen ("Thiessen Decl."), ¶¶ 1-2, attached to Respondent's Return ("Return")) In particular, Petitioner pled guilty to multiple counts charging him with, *inter alia*, engaging in large-scale methamphetamine trafficking between 1987 and 1992, as well as participating in a money laundering scheme where Petitioner structured the proceeds from his methamphetamine sales through various bank accounts and other financial instruments. (Thiessen Decl., Ex. A, ¶¶ 1, 2, 10, 21, 22) Petitioner also admitted to illegally possessing various firearms, including machine guns and other firearms with obliterated serial numbers. (Thiessen Decl., Ex. A, ¶¶ 1, 2, 18-20) In 1993, Petitioner was sentenced, under the Sentence Reform Act, to 120 months' imprisonment and a five-year term of supervised release for these crimes. (Thiessen Decl., Ex. E., ¶ 23)

Petitioner was sentenced again in 1994, this time following his conviction, after a jury

2

trial in the Eastern District of Pennsylvania, of possession with intent to distribute methamphetamine in 1985. (Thiessen Decl., Ex. E, ¶¶ 2, 5, 11) For this crime, Petitioner was sentenced to a prison term of five years, for which Petitioner was eligible for parole but which was to run consecutively to the 1993 sentence. (Thiessen Decl., Ex. D, at 2) Pursuant to these sentences, Petitioner was incarcerated in the Otisville Federal Correctional Institution, which is within the confines of this District.

Petitioner began serving his five-year sentence for the 1994 conviction on January 3, 2001, when he had completed serving the 1993 sentence. (Thiessen Decl., Ex. C, at 2) Petitioner applied for parole in February 2001 and received a hearing on his application in April 2001. (Thiessen Decl., ¶¶ 7-8) Petitioner argued to the Parole Commission, as he does in this habeas petition, that because the 1985 crime (for which he received his 1994 sentence) was related to his later crimes (for which he received his 1993 sentence), he should have been granted early release from parole. The hearing examiner recommended that Petitioner remain in prison until the expiration of his sentence. (Thiessen Decl., ¶ 8) In May 2001, the U.S. Parole Commission's regional office issued a notice of action indicating that Petitioner's request for parole was denied. (Thiessen Decl., ¶ 9) Petitioner appealed the decision to the U.S. Parole Commission in June 2001, which affirmed the decision to deny parole in November 2001. (Thiessen Decl., ¶¶ 10-11)

Petitioner was released in March 2004, having completed his sentence for the 1994 conviction in less than five years. (Thiessen Decl., Ex. C, at 1-2) Petitioner now resides in Philadelphia, where he is serving the five years of supervised release for his 1993 guilty plea (Thiessen Decl., Ex. B, at 1), and two years of special parole for his 1994 conviction (Thiessen

3

Decl., Ex. C, at 1)[2]

B. Procedural History

Prior to learning of the U.S. Parole Commission's denial of his appeal, Petitioner commenced this action by submitting the Petition and an application to proceed *in forma pauperis* to the Court in November 2001. On June 25, 2002, Chief Judge Michael B. Mukasey granted Petitioner's application to proceed *in forma pauperis* and the case was assigned to Judge Cote. On July 10, 2002, Judge Cote referred the case to Magistrate Judge Freeman. After discovering that Petitioner had been released from prison (*Pro Se* Memorandum re: Change of Address, dated Mar. 18, 2004), Magistrate Judge Freeman ordered Petitioner to show cause why the case should not be dismissed for mootness. (Memorandum and Order, dated May 27, 2004)[3] Petitioner responded and moved to amend the Petition on June 30, 2004.

On August 5, 2004, Magistrate Judge Freeman issued the Report and Recommendation recommending denial of the Petition. In the same Report and Recommendation, Magistrate

---

[2]Special parole is "'a period of supervision served upon completion of a prison term' and administered by the United States Parole Commission." *Gozlon-Peretz v. United States*, 498 U.S. 395, 399 (1991) (citation omitted). "Special Parole was created by Congress in 1970 as a special sanction for drug offenders. Unlike regular parole, it does not entail early release from imprisonment. Instead, it follows a completed term of imprisonment, or imprisonment plus regular parole, and must be served independently of any term of regular parole." *Guglielmini v. U.S. Parole Comm'n*, No. 00 CV 5173, 2003 WL 21143032, at *1 (E.D.N.Y. Jan. 15, 2003).

[3]The time between the referral of the case from Judge Cote to Magistrate Judge Freeman and Petitioner's release from prison saw numerous filings, most by petitioner seeking a variety of relief. Specifically, after the parties fully briefed the merits of the Petition, Petitioner filed motions seeking: (i) to supplement the record; (ii) to compel production of certain materials; (iii) entry of judgment as a sanction for an alleged failure to comply with Magistrate Judge Freeman's order compelling certain materials; (iv) appointment of counsel; (v) to supplement again the record; and (vi) an order scheduling additional discovery. All but the motion to compel the production of certain materials were denied. (Report and Recommendation, at 5)

4

Judge Freeman also explicitly advised Petitioner that he had ten days to file any objections. On August 15, 2004, Petitioner requested an extension of time to submit objections to the Report and Recommendation. (Letter from Martinson to Judge Cote of Aug. 15, 2004 ("August 15 Letter"))[4] On August 20, 2004, Judge Cote granted Petitioner's request for an extension of time to submit objections, giving Petitioner until October 1, 2004. (Order, dated Aug. 20, 2004) However, Petitioner missed the new deadline by 10 days, filing Objections that were dated and postmarked October 11, 2004.

## II. Discussion

### A. Standard of Review

A district court reviewing a report and recommendation deciding a dispositive motion "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Reyes v. Mantello*, No. 00 Civ. 8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003) (quoting 28 U.S.C. § 636(b)(1)(C)). Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," *see* Fed. R. Civ. P. 72(b), and must be made "within 10 days after being served with a copy of the recommended disposition." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

If a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation the party objected to under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

---

[4]Petitioner's August 15 Letter appears in the case file, but has not, apparently, been docketed or placed in the record. This letter will be docketed and placed in the record.

5

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

However, where a party does not submit a timely objection, "a district court need only satisfy itself that there is no clear error on the face of the record." *Reyes*, 2003 WL 76997, at *1 (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). In addition, a party's failure to submit a timely objection will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'") (quoting *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). This rule applies to *pro se* parties, such as Petitioner, who fail to submit timely objections, *but only if* the magistrate judge expressly states in the report and recommendation that failure to object within 10 days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure. *Small*, 892 F.2d at 16; *see also Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993). Magistrate Judge Freeman complied with these requirements in the Report and Recommendation.[5] (Report and Recommendation, at 10-11)

---

[5]Magistrate Judge Freeman stated at the end of the Report and Recommendation that "FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW." (Report and Recommendation, at 11) She also expressly cited 28 U.S.C. § 636(b)(1) and Rules 6 and 72.

(continued...)

6

Here, Petitioner timely requested an extension of time to submit objections to the Report and Recommendation, but he missed the revised October 1 deadline set by Judge Cote, filing Objections that were dated and postmarked October 11, 2004. Significantly, Petitioner has provided *no* explanation for his failure to meet the extended deadline set by Judge Cote's August 20, 2004 Order, nor did he request a second extension of time to submit the Objections (although his earlier request to Judge Cote, and his many other filings in this case, show that he is clearly capable of doing so). Moreover, the Court finds that Magistrate Judge Freeman's recommendations are correct and should be adopted, except as noted below, regardless of whether they are reviewed *de novo* or for clear error. Thus, the Court finds no grounds on which to excuse Petitioner's untimeliness in the interest of justice.[6] *See United States v. Male Juvenile*,

---

[5](...continued)
(Report and Recommendation, at 10-11) Finally, she indicated that "[a]ny requests for an extension of time for filing objections must be directed to Judge Cote." (Report and Recommendation, at 11) While Magistrate Judge Freeman did not specifically delineate subsections (a) and (e) within Rule 6, such omission is immaterial given her citation to the entire rule and given the clear notice otherwise provided to Petitioner of his obligation to file a timely objection, or to seek an extension of time from Judge Cote. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (holding that failure to include explicit reference to Rule 72 in Report and Recommendation was immaterial given clarity of notice of waiver).

[6]The Court is aware that Petitioner makes reference in the August 15 Letter to "numerous errors in factual interpretations as well as errors in law" in the Report and Recommendation, in particular, Petitioner challenges the recommendations that the Petition be dismissed on the merits and that no certificate of appealability should be issued. (*See* August 15 Letter) The Court doubts that these statements could themselves serve as objections to the Report and Recommendation for the purposes of 28 U.S.C. § 636(b)(1) and Rule 72(b). Naturally, if either Judge Cote or Petitioner considered the letter to be anything other than a mere "request for an extension of forty-five days to file objections," (Order, dated Aug. 20, 2004), there would be no need to issue an order extending Petitioner's time to object. The Court also questions whether, even construing the assertions in the August 15 Letter liberally, Petitioner's contentions therein are sufficiently specific to allow the Court to understand which portions of the Report and Recommendation Petitioner objects to and what arguments he makes against them. *See* Fed. R.
(continued...)

121 F.3d 34, 39 (2d Cir. 1997) (courts may excuse a party's failure to file timely objections "'in the interest of justice'") (quoting *Roldan*, 984 F.2d at 89).

Because Petitioner did not timely submit objections to the Report and Recommendation, the Court could review Magistrate Judge Freeman's findings for clear error. *Reyes*, 2003 WL 76997, at *1; *Letiza v. Walker*, No. 97-CV-0333E, 2003 WL 22383569, at *2 (W.D.N.Y. Sept. 30, 2003) (noting that one basis for adopting a report and recommendation was the fact that petitioner's objections were filed three days late). Under such a standard of review, the Court finds no clear error in the Report and Recommendation, and therefore adopts it in its entirety, except as to the recommendation that no certificate of appeal should be issued. However, the Court also finds that the result would be the same if the Court were to review the Report and Recommendation *de novo*.

B. Mootness

Magistrate Judge Freeman's first recommendation is that the Petition—which challenges the U.S. Parole Commission's decision to deny Petitioner parole, but which *does not* challenge Petitioner's conviction—be dismissed as moot because Petitioner was released from prison while the case was pending and therefore this case does not raise a live case or controversy. (Report and Recommendation, at 6-7) The Court agrees.

The roots for this result are found in the Supreme Court's decision in *Lane v. Williams*, 455 U.S. 624 (1982). In *Lane*, habeas petitioners pled guilty to offenses that provided for a term

---

⁶(...continued)
Civ. P. 72(b) (requiring parties to file "*specific*, written objections") (emphasis added). In any case, even if Petitioner's August 15 Letter could be construed as raising objections for the purposes of 28 U.S.C. § 636(b)(1) and Rule 72(b), the Court would nonetheless adopt the Report and Recommendation in substantial part, for the reasons stated below.

8

of mandatory parole following any imprisonment. Claiming that they were not advised of the mandatory parole during the plea proceedings, petitioners did not challenge their convictions, but only sought their release from the restrictions of the mandatory parole (which in their case included imprisonment from a parole violation). *Id.* at 627-28. During the pendency of the habeas proceedings, petitioners were discharged from prison having served the required term of imprisonment for their parole violations. *Id.* The Supreme Court held that this set of facts made the challenge to the mandatory parole moot. *Id.* at 631 ("Since [the habeas petitioners] elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."). Moreover, while those challenging their convictions may face permanent or presumptively permanent consequences of a judgment of guilt, the Court found no such cognizable consequences are to be assumed in connection with a parole violation. *Id.* at 632-33.

Nearly two decades later, the Supreme Court further addressed the issue of whether a federal habeas petition challenging a revocation of parole presents a live case or controversy if the petitioner completes the entire term of imprisonment while the case is pending. *See Spencer v. Kemna*, 523 U.S. 1 (1998).[7] The Court held that it does not, unless the petitioner can demonstrate concrete collateral consequences arising from the parole revocation. *Spencer*, 523

---

[7]*Spencer* involved a due process challenge to the revocation of parole. *See Spencer*, 523 U.S. at 5. In particular, at issue in *Spencer* were the findings of a parole board that the petitioner committed rape, that he used or possessed drugs, and that he used a dangerous weapon. *Id.* at 3. While Spencer's habeas petition was pending, he completed his sentence and was released. *Id.* at 6. Although these facts are different from those in the instant case—because here Petitioner challenges the denial of parole, not its revocation—the Court finds the difference is not sufficient to render the legal principles in *Spencer* inapplicable. Both cases involve the release of a petitioner from prison while a habeas proceeding challenging a parole decision was pending.

9

U.S. at 14.

In reaching this decision, Justice Scalia, writing for the Court, drew a distinction between habeas petitioners who challenge their convictions and those who challenge parole revocations. For the former, he stated that "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. Once the habeas petitioner has finished serving a sentence, however, the Court requires that "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id*. For petitioners challenging the validity of their convictions, the Court has "been willing to presume that a wrongful criminal conviction has continuing collateral consequences" so that their habeas petitions do not become moot after their release. *Id*. at 8. But the Court reaffirmed its refusal to presume the existence of collateral consequences for petitioners challenging parole revocations when the direct consequences of the revocation (*i.e.*, imprisonment) have expired. *Id*. at 14. Instead, the Court held that the petitioner must demonstrate such consequences or face dismissal for mootness. *Id*. ("We adhere to the principles announced in *Lane*, and decline to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement result from petitioner's parole revocation. The question remains, then, whether petitioner demonstrated such consequences.").

As Magistrate Judge Freeman noted in an earlier decision in this case, there apparently is no Second Circuit decision that deals precisely with this issue. (Memorandum and Order, dated

10

May 27, 2004, at 4) However, the Second Circuit has applied *Spencer* to dismiss as moot a habeas challenge to a revocation of supervised release. *See United States v. Probber*, 170 F.3d 345 (2d Cir. 1999). Moreover, Judge Cote of this Court has applied *Spencer* to dismiss a habeas petition which challenged a parole revocation because the petitioner was no longer in prison. *Hicks v. Lacy*, Nos. 99 Civ. 4523 and 00 Civ. 2307, 2003 WL 22510323, at *4 (S.D.N.Y. Nov. 4, 2003) ("A habeas petitioner no longer in custody who is challenging the result of a parole revocation hearing must therefore demonstrate a concrete, ongoing injury-in-fact attributable to his parole revocation.") (citing *Spencer*, 523 U.S. at 14). Finally, even before *Spencer*, courts in other circuits dismissed as moot habeas petitions challenging parole decisions once the petitioner had been released. *See Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) ("We hold that Mr. Vandenberg's appeal is moot. His petition for habeas corpus merely challenges determinations that delayed his parole date; and because he is already released from custody on parole, we find no purpose in reaching the merits of his arguments."); *Mercer v. U.S. Parole Comm'n*, 774 F.2d 1163 (6th Cir. 1985) ("The general rule is that where a prisoner attacks only the parole decision made by the Commission, the prisoner's release on parole moots the appeal.") (unpublished decision); *Brady v. U.S. Parole Comm'n*, 600 F.2d 234, 236 (9th Cir. 1979) ("Appellant's § 2241 habeas corpus petition attacks the Parole Commission's decision to keep him in custody. He is now on parole and does not challenge the validity of his original conviction. On this record the case is moot.").

In an attempt to demonstrate a concrete, ongoing injury-in-fact attributable to the Parole Commission's denial of early parole, Petitioner first argues that the denial of parole in 2001 could serve as the basis for future adverse decisions related to the term of supervised release that

11

he is currently serving or the two years of "special parole" that Petitioner still faces. (Report and Recommendation, at 6-7; *see also* Motion to Amend Habeas Corpus Petition Pursuant to Rule 15 and Motion for a Ruling on Merits of Petition, dated June 28, 2004 ("Petitioner's June 28 Submission"), at 4-5) Specifically, Petitioner asserts that the Parole Commission's decision not to treat the two federal convictions as related could undercut any claim Petitioner might have for leniency, or could result in consecutive sentences at some future point. (Petitioner's June 28 Submission, at 5, 7) As Magistrate Judge Freeman correctly determined, however, this is exactly the type of argument that was rejected by the Supreme Court in *Lane* and *Spencer*. *See Spencer*, 523 U.S. at 14-15; *Lane*, 455 U.S. at 633. Indeed, any future consequence feared by Petitioner is entirely avoidable if he simply chooses not to violate the law again. *See Lane*, 455 U.S. at 633 n.13 ("Respondents themselves are able—and indeed required by law—to prevent such a possibility from occurring.").

Second, Petitioner asserts that the change in circumstances that makes his petition moot—namely, his release from prison—is the improper result of delay by the Court. (Petitioner's June 28 Submission, at 3) "But mootness, however it may have come about, simply deprives [courts] of [the] power to act; there is nothing for [a court] to remedy, even if [it was] disposed to do so." *Spencer*, 523 U.S. at 18. Moreover, Petitioner conveniently ignores that his own numerous filings with Magistrate Judge Freeman likely prevented her from considering the merits of this case sooner and therefore contributed to the delay. (Report and Recommendation, at 5; *see also* Dkt. Nos. 11-14, 16-20).[8]

---

[8]Petitioner also argues that he "is on federal supervision and it has been established by the Courts that as such [h]abeas corpus is still available to him." (Petitioner's June 28
(continued...)

12

Although the Court need not address the arguments made in Petitioner's untimely Objections, the Court reviews them here anyway. In the Objections, Petitioner references the arguments he made regarding mootness in the June 28 Submission and urges the Court to consider them. (Objections, at 1) Since Magistrate Judge Freeman addressed the arguments in Petitioner's June 28 Submission in the Report and Recommendation, and the Court finds no error in her decision, the Court need not address them again.

Accordingly, the Court finds that Magistrate Judge Freeman has correctly determined that the Petition should be dismissed as moot, and adopts the Report and Recommendation on that issue.

C. Merits

Magistrate Judge Freeman determined that even if Petitioner could show that his Petition was not moot, she would recommend that it be denied on the merits because Petitioner cannot show that the Commission abused its discretion in denying him parole. (Report and Recommendation, at 7) The Court reviews this part of the Report and Recommendation, and finds that it should be adopted as well.

---

[8](...continued)
Submission, at 6) This would be correct if Petitioner challenged his conviction, but Petitioner only challenges the denial of parole. The Court further notes that Petitioner would be under federal supervision at this time *regardless* of whether he was granted parole in 2001, because the term of supervised release for his 1993 sentence and special parole for his 1994 sentence would not have started until his term of imprisonment (or parole, if he had been granted it) was completed. *See Guglielmini*, 2003 WL 21143032, at *1 (explaining that special parole "follows a *completed term* of imprisonment, or *imprisonment plus regular parole*, and must be served independently of any term of regular parole") (emphasis added). Apparently, Petitioner wants a declaration that he was falsely imprisoned. But the courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong," *Spencer*, 523 U.S. at 18, and, therefore, the Petition is moot unless Petitioner can show some continuing collateral consequence of the parole denial, which he has not done.

As Magistrate Judge Freeman correctly noted, decisions of the U.S. Parole Commission are reviewed for abuse of discretion. *Lieberman v. Gunnell*, 726 F.2d 75, 77 (2d Cir. 1984); *see also Martin v. U.S. Parole Comm'n*, No. 02 Civ. 3884, 2003 WL 21361743, at *2 (S.D.N.Y. June 9, 2003) ("[T]he standard for reviewing actions of the Parole Commission is whether the Commission has abused its discretion . . . ."). Courts should "defer to the Commission's interpretation of its regulations unless the interpretation is unreasonable and will not reverse a Commission decision that has a rational basis." *Lieberman*, 726 F.2d at 77; *see also Martin*, 2003 WL 21361743, at *2.

Petitioner's claim appears to be that the Commission abused its discretion by not giving Petitioner parole guideline credit for time served on his 1993 sentence, which he contends involves criminal conduct that is related to this 1994 sentence. (Petitioner's Response to Respondent's Opposition, dated Sept. 20, 2002, at 1-2 ("Petitioner's Response")) In support of his theory that the conduct underlying the 1993 and 1994 sentences are related, Petitioner cites to statements made by the Assistant U.S. Attorney at his 1994 sentencing to the effect that the crime at issue was the "start" of Petitioner's drug-trafficking activities (Petitioner's Response, at 2), and also to the criminal complaint filed in connection with the 1993 sentence (Petitioner's Response, at 3-4), which contains a section discussing his possession of methamphetamine in 1985.

Magistrate Judge Freeman upheld the Commission's recommendation on two grounds. First, she found that a rational basis existed for the Commission's decision to deem the 1993 and 1994 sentences as unrelated, "in that the charges involved were of a different character, and at least certain of the crimes were significantly separated in time." (Report and Recommendation,

14

at 8-9)

The Court fully concurs with Magistrate Judge Freeman's decision, and finds that a rational basis supports the Commission's decision. The 1994 sentence was based on a conviction for a substantive crime which occurred in 1985, when Petitioner was caught with approximately 2270 grams of methamphetamine. (Thiessen Decl., Ex. E, at 3-4) By contrast, his 1993 sentence was based a guilty plea to multiple drug-trafficking, money-laundering, and weapons-possession offenses, which occurred from 1987 to 1992, but *not* the 1985 crime. (Thiessen Decl., Ex. A, at 1-8) That Petitioner committed multiple drug offenses over a period of years may show that he is a career offender, and, as the Assistant U.S. Attorney noted, that the 1985 arrest marked the beginning of that ignominious career, but it does not show that a crime which occurred in 1985 and which resulted in a separate criminal conviction and sentence is to be deemed related to later criminal activity for the purpose of determining parole. Thus, there is no logical reason why Petitioner should be granted early parole on his 1994 sentence because he had been imprisoned for other serious criminal conduct in 1993 merely because the other conduct was of the same species of crime, in this case narcotics trafficking. Indeed, that the Petitioner was sentenced in 1994 to consecutive time in prison reflects the district judge's view that the 1985 criminal conduct was sufficiently distinct to merit a consecutive sentence. While Petitioner undoubtedly would have liked to have been released from custody for his 1994 sentence early, he fails to convince the Court that the Commission's decision is not supported by a rational basis.

Second, Magistrate Judge Freeman correctly found that even if the Commission deemed that the 1985 offense was related to the 1987-1992 offenses, Petitioner would not be entitled to

15

receive parole. As the Parole Commission informed Petitioner, "under the Commission's rules and procedures, a prisoner shall receive parole guideline credit for only the time spent in custody for offenses that the Commission considered in computing the prisoner's offense severity rating."[9] (Thiessen Decl., Ex. J) Because the Parole Commission did not consider the crimes committed between 1987 and 1992 in determining Petitioner's offense severity rating (Thiessen Decl., Ex. J ("In your case, the Commission calculated your offense severity rating based upon your 1985 offense behavior and therefore did not consider your 19[8]7 to 1992 crimes in assessing your offense severity.")), Petitioner is not entitled to credit for time spent in custody for those crimes.[10]

Magistrate Judge Freeman also correctly rejected Petitioner's argument based on 28 C.F.R. § 2.21 that he should have been credited with time spent in custody on his 1993 sentence. (Report and Recommendation, at 10; Petitioner's Response, at 2) That section applies to re-parole—*i.e.*, the situation in which a person whose parole has been revoked and returned to prison now seeks a new parole hearing—and not here.

---

[9]The Parole Commission's guidelines provide that "[c]redit is given towards the guidelines for any time spent in confinement or any offense considered in assessing offense severity," Paroling Policy Guidelines, Notes and Procedures, § 2.20-03(A)(2) (as of Mar. 1, 2001) (Declaration of Judd C. Lawler, Ex. A, attached to Return), and that "[c]redit is given towards the guidelines for any time served on a non-parolable federal sentence if the behavior to which the non-parolable sentence refers is considered in assessing the offense severity," *id.* § 2.20-03(B).

[10]In fact, the record shows that the Commission did, at least at the initial phase of its review of his parole application, consider Petitioner's 1993 sentence as a potential "mitigating factor." (Thiessen Decl., Ex. G) The examiner found the earlier sentence to be unrelated to the 1994 sentence, but determined that, if anything, the fact that petitioner had been given a long prison sentence for "similar" conduct counsels *against* granting Petitioner parole. (Thiessen Decl., Ex. G)

16

Although the Court need not review Petitioner's Objections, which are untimely, the Court has reviewed them and finds that Petitioner has raised no new or meritorious arguments, and, accordingly, the Court adopts the Report and Recommendation, with the exception noted below.

D.  Certificate of Appealability

The Court does not adopt Magistrate Judge Freeman's recommendation that a certificate of appealability not be issued.  Magistrate Judge Freeman recommended that a certificate not be issued under 28 U.S.C. § 2253(c)(1)(A) because Petitioner has not made a substantial showing of the denial of a constitutional right.  (Report and Recommendation, at 10)  Habeas petitioners ordinarily must obtain a certificate of appealability from either the district court or the circuit court before they can pursue the dismissal of their petitions.  *See* 28 U.S.C. § 2253(c)(1)(A).  But the Court finds that the certificate-of-appealability requirement in 28 U.S.C. § 2253 is inapplicable to habeas petitions, such as Petitioner's, which are brought by petitioners in federal custody under 28 U.S.C. § 2241 to challenge parole decisions, and therefore Magistrate Judge Freeman's recommendation is unnecessary.

Section 2253(c)(1) provides that a certificate of appealability is required to take an appeal from "(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under 2255." 28 U.S.C. § 2253(c)(1).  Neither of these provisions is applicable to this proceeding, which is brought under section 2241.  *See Drax v. Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003) ("[T]he § 2253(c) requirement does not apply to federal habeas proceedings, such as the instant one, brought pursuant to 28 U.S.C. § 2241.") (citing *Murphy v. United States*, 199 F.3d 599, 601 n.2

(2d Cir. 1999)). Accordingly, Petitioner does not need a certificate of appealability from this Court to pursue an appeal.[11]

E. Motion for Leave to Amend

The Court adopts Magistrate Judge Freeman's recommendation that Petitioner's motion for leave to amend the Petition be denied. As Magistrate Judge Freeman notes, Petitioner proposes that the request to be released from prison be dropped from the Petition and that the Court "rule on the merits of this Habeas Corpus Petition." (Petitioner's June 28 Submission, at 6) Thus, Petitioner apparently requests a declaratory judgment that the U.S. Parole Commission's decision was incorrect. As noted above, however, this case is moot now that Petitioner has been released from prison, and, in any event, Petitioner's claim lacks any merit. Accordingly, the Court adopts the Report and Recommendation on this issue and denies his motion for leave to amend.

---

[11]Nonetheless, the Court notes that Petitioner may have waived the right to challenge Magistrate Judge Freeman's findings on appeal because he failed to file timely objections to the Report and Recommendation, as discussed above.

## III. Conclusion

For the reasons stated herein, the Court rejects Petitioner's objections to Magistrate Judge Freeman's Report and Recommendation. Accordingly, it is hereby

ORDERED that the Report and Recommendation dated August 5, 2004 is ADOPTED as stated herein. It is further

ORDERED that the Petition is DISMISSED. It is further

ORDERED that Petitioner's Motion for Leave to Amend the Petition is DENIED. It is further

ORDERED that the Clerk of the Court is directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated:  May 31, 2005
        New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE